IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAMELA L. CATOE-MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19CV00072 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Pamela L. Catoe-Moore has filed this action challenging the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. Jurisdiction of this court is established pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g).

The court previously referred this case to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order 2019-6. On August 4, 2020, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed objections to the magistrate judge's report, to which the Commissioner responded, and the matter is now ripe for the court's consideration.

The court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1)(B). In the instant case, the court's review is limited to a determination as to whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g). Substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a

conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and citation omitted). Thus, "the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Administrative Law Judge. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

The plaintiff, Pamela L. Catoe-Moore, was born December 15, 1967. (R. 40.) She was graduated from high school and later completed cosmetology school in 1986. (R. 40–41.) Ms. Catoe-Moore has worked as a cosmetologist and a caretaker. (Id.) She last worked on a regular and sustained basis in 2003. (R. 41–42.)

Ms. Catoe-Moore first filed an application for supplemental security income benefits on June 24, 2010, claiming disability since April 15, 2000. (R. 13.) Her claim was denied initially and on reconsideration. (R. 13.) On July 12, 2012, the Law Judge issued an opinion finding Ms. Catoe-Moore not disabled. (Id.)

On July 29, 2014, Ms. Catoe-Moore filed a second application for supplemental security income benefits. (R. 13.) Her claim asserted that she became disabled for all forms of substantial gainful employment on March 1, 2002, due to fibromyalgia, epilepsy, back ailments (including bulging discs and a previously broken back), mental health issues (including manic bi-polar disorder, post-traumatic stress disorder, depression, and anxiety), fatigue, and seizures. (R. 243–50.) Ms. Catoe-Moore maintains that she has remained disabled to the present time.

Ms. Catoe-Moore's application was denied on initial consideration and reconsideration. (R. 13.) She then requested a de novo hearing and review before an Administrative Law Judge.

2

(R. 13.) In an opinion dated December 26, 2017, the Law Judge also determined, after applying the five-step sequential evaluation process, that Ms. Catoe-Moore is not disabled. See 20 C.F.R. § 416.920.[1] The Law Judge concluded that Ms. Catoe-Moore suffers from several severe impairments, including "persistent depressive order, personality disorder, bipolar disorder, posttraumatic stress disorder (PTSD), fibromyalgia, seizures, chronic pain syndrome, degenerative disc disease of the cervical and lumbar spine, arthralgia of the right foot/ankle, [and] polysubstance abuse." (R. 16.) However, the Law Judge concluded that Ms. Catoe-Moore does not have an impairment or combination of impairments that meets or medically equals the requirements of a listed impairment. (R. 17.) The Law Judge assessed Ms. Catoe-Moore's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR [§] 416.967(b) with lifting and carrying 20 pounds occasionally and ten pounds frequently, standing/walking no more than six hours in an eight-hour day, and sitting no more than six hours in an eight-hour day. She can occasionally climb ramps and stairs, balance, kneel, stoop, crawl, and crouch. The claimant can frequently reach overhead. She needs to avoid exposure to hazardous machinery; work at unprotected heights; climbing ladders, ropes, or scaffolds; or working on vibrating surfaces. She is able to understand, remember, and carry out simple instructions in repetitive, unskilled work. She is able to attend, persist, and concentrate for two-hour intervals with normal breaks as allowed by the employer but is able to complete a normal eight-hour day and 40-hour workweek. The claimant can have occasional interaction with the general public, coworkers, and supervisors. She can respond appropriately to supervision, coworkers, and usual work situations. Driving should not be required as part of the job.

---

[1] The applicable evaluation process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and (5) if not, whether she can perform other work in the national economy. 20 C.F.R. § 416.920(a)(4). "The claimant has the burden of proof for the first four steps, but at the final, fifth step the Commissioner bears the burden to prove that the claimant is able to perform alternative work." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). If a decision as to disability can be reached at any step in the process, further evaluation is unnecessary. 20 C.F.R. § 416.920(a)(4).

(R. 20.)  Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge found that Ms. Catoe-Moore is capable of performing alternate work roles existing in significant number in the national economy. He listed such specific jobs as an "Assembler," "Packer/Folder," or "Inspector/Tester/Sorter."  (R. 26–27.)  The Law Judge accordingly concluded that Ms. Catoe-Moore is not disabled and thus not entitled to supplemental security income benefits.  See 20 C.F.R. § 416.920(g).  The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council.  Having exhausted all available administrative remedies, Ms. Catoe-Moore has now appealed to this court.

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition.  In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claim for supplemental security income benefits.  Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's decision in all relevant respects.

In her objections to the report and recommendation, Ms. Catoe-Moore raises several challenges to the magistrate judge's findings.  Ms. Catoe-Moore argues, inter alia, that the magistrate judge erred by concluding that substantial evidence supports the Law Judge's findings regarding her mental impairments and associated functional limitations.  Specifically, the Law Judge concluded that despite her mental impairments, Ms. Catoe-Moore can perform repetitive, unskilled work with simple instructions and "attend, persist, and concentrate for two-hour intervals with normal breaks as allowed by the employer."  (R. 20.)  Ms. Catoe-Moore asserts that in reaching this opinion, the Law Judge erred by (1) failing to provide a sufficiently detailed mental

residual functional capacity ("RFC") assessment and (2) not adequately explaining her findings concerning Ms. Catoe-Moore's mental RFC assessment. (Pl.'s Obj. to R. & R. 1–3.) After reviewing the record, the court agrees, and finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

Ms. Catoe-Moore's argument relies on Social Security Ruling 96-8p, 1996 SSR LEXIS 5 (July 2, 1996), which discusses how a Law Judge should assess a claimant's RFC. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). The Ruling instructs the Law Judge to make "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." 1996 SSR LEXIS 5, at *8. The Ruling further explains that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id. at *19. "In other words, the [Law Judge] must both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" as required by the Ruling. Mascio, 780 F.3d at 636. Instead, the Court has explained that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). In Mascio, the Law Judge credited the claimant's diagnosis of an adjustment disorder and also found that she had moderate difficulties with concentration, persistence, or pace.

5

780 F.3d at 638. However, the Law Judge erroneously "'ignor[ed] (without explanation) Mascio's moderate limitation in her ability to maintain her concentration, persistence, or pace' when he conducted the function-by-function analysis, and 'said nothing about Mascio's mental limitations' in the hypothetical posed to the vocational expert." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020) (alteration in original) (citation omitted) (quoting Mascio, 780 F.3d at 633, 637). Because the Law Judge "gave no explanation" for these omissions, a remand was required. Mascio, 780 F.3d at 638.

The Fourth Circuit has since explained that Mascio "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry, 952 F.3d at 121. Instead, the decision underscored the importance of explaining how RFC findings adequately account for a claimant's work-related limitations. Id.; see also Mascio, 631 F.3d at 638 ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would [be] appropriate to exclude it from the hypothetical tendered to the vocational expert."). Moreover, "[w]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." Shinaberry, 952 F.3d at 121 (internal quotation marks and citation omitted). Thus, "as is usually true in determining the substantiality of evidence," a "case-by-case" inquiry is required. Shinaberry, 952 F.3d at 121 (internal quotation marks and citation omitted).

Moreover, in Sizemore v. Berryhill, a psychological consultant opined that although the plaintiff suffered a moderate limitation in his ability "to complete a normal work day and work week without interruptions from psychologically based symptoms and perform at a consistent pace

6

without an unreasonable number and length of rest periods," he was still capable of sustaining attention for two hour increments and performing basic, continuous work. 878 F.3d 72, 80-81 (4th Cir. 2017) (internal quotation marks omitted). The Fourth Circuit concluded that this psychological opinion, along with another psychologist's similar finding, provided the requisite support for the Law Judge's conclusion that the plaintiff was not disabled. Id. at 81. The Fourth Circuit accordingly decided that remand was not required under Mascio. Id.

Here, the Law Judge concluded that Ms. Catoe-Moore has a mild limitation in understanding, remembering, or applying information; a moderate a limitation in interacting with others; and a moderate limitation in concentrating, persisting, or maintaining pace. (R. 18–19.) Nonetheless, the Law Judge concluded that Ms. Catoe-Moore can still "understand, remember, and carry out simple instructions in repetitive, unskilled work" and "attend, persist, and concentrate for two-hour intervals with normal breaks as allowed by the employer." (R. 20.) The Law Judge ultimately determined that Ms. Catoe-Moore can both "complete a normal eight-hour day and 40-hour workweek" and "respond appropriately to supervision, coworkers, and usual work situations." (R. 20.)

Three psychological consultants prepared reports concerning Ms. Catoe-Moore's mental limitations. (R. 18, 20, 22–24, 105–106, 122–23, 333–40.) After an in-person examination, psychological consultant Marvin Gardner Jr., Ph.D., found Ms. Catoe-Moore able to "perform work activities on a consistent basis with likely no more than a moderate impairment of concentration, persistence, or pace." (R. 340.) Dr. Gardner concluded that Ms. Catoe-Moore can "complete a normal workday or work week without interruptions resulting from her psychiatric condition." (R. 340.) Moreover, state psychologists Sreeja Kaddakal, M.D., and Howard S. Leizer, Ph.D., deemed Ms. Catoe-Moore to be "moderately limited" in her abilities to "interact

7

appropriately with the general public," "accept instructions and respond appropriately to criticism from supervisors," and "get along with workers or peer without distracting them or exhibiting behavioral extremes," but otherwise found her "not significantly limited" in other categories. (R. 105, 123.) Drs. Kaddakal and Leizer ultimately found Ms. Catoe-Moore "capable of simple unskilled work." No psychological consultant opined on Ms. Catoe-Moore's ability to concentrate for two-hour increments. (R. 105–106, 122–23, 333–40.)

The Law Judge also looked to Ms. Catoe-Moore's treatment records. Specifically, the Law Judge found the psychological opinions to be "supported by examination findings of racing thoughts, moderately impaired recent and remote memory, moderately impaired ability to compute[,] fair insight and judgment, moderately impaired ability to abstract, irritable and anxious mood, and pressured speech," but the Law Judge also pointed to "repeated findings of intact concentration and normal mental status examinations." (R. 24, 339, 340, 622, 777, 861, 871.) Due to Ms. Catoe-Moore's "allegations of anxiousness around others," the Law Judge chose to give each psychological opinion only "some weight" and further limited Ms. Catoe-Moore's social interactions beyond the amount the psychological consultants recommended. (R. 24.)

Although the Law Judge analyzed Ms. Catoe-Moore's treatment records and reports prepared by psychological experts, the court is constrained to conclude that the Law Judge failed to adequately explain her ultimate conclusions. As stated previously, the Law Judge "must both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (internal quotation marks and citations omitted). Here, the Law Judge did not sufficiently explain how she reached her determination that Ms. Catoe-Moore can "attend, persist, and concentrate for two-hour intervals with normal breaks as allowed by the employer." Unlike in

8

Sizemore, no psychological consultant made such a finding as to Ms. Catoe-Moore. 878 F.3d at 80–81. Additionally, the Law Judge here indicated that she accorded the three psychological reports only "some weight" but explained neither how such reports nor Ms. Catoe-Moore's treatment records supported her specific conclusion concerning Ms. Catoe-Moore's ability to concentrate for two-hour increments. See Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) ("Social Security Ruling 96-8p explains that the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).") (emphasis added) (internal citation and quotation marks omitted). Because the Law Judge "gave no explanation" as to this specific finding, the court is "left to guess about how the ALJ arrived at [her] conclusions on [Ms. Catoe-Moore's] ability to perform relevant functions." Mascio, 780 F.3d at 637–38.

The court is therefore constrained to conclude that substantial evidence does not support the Law Judge's assessment of Ms. Catoe-Moore's mental impairments and associated functional limitations. Accordingly, the case will be remanded to the Commissioner for further development and consideration.[2]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 30th day of October, 2020.

*/s/ Glen Conrad*
Senior United States District Judge

---

[2] In light of the court's decision to remand the case to the Commissioner, the court finds it unnecessary to address Plaintiff's remaining objections.